WARD, Judge.
Linda Anzalone filed suit in asking for executory process to enforce an authentic Act of Mortgage. The mortgage and the note it secures were given by Sylves Ford for the balance due on the purchase price of a house and lot in St. Bernard Parish which Mr. Ford purchased from Mrs. Anza-lone. Shortly after Ford purchased the property he sold it to Mrs. Nelmar Ely, who assumed the note and mortgage. Ely was made a defendant with Ford.
Ford and Ely obtained a temporary restraining order to prohibit the seizure and sale and petitioned for a preliminary and permanent injunction. After a hearing, the Trial Judge denied the request for an injunction and ordered the issuance of execu-tory process.
Ford and Ely have appealed. They first contend that because the record on appeal does not contain the promissory note, the Trial Court’s order of foreclosure by execu-tory proceedings should be vacated. Counsel, however, has understandably been misled by an unfortunate chain of events. The petition for foreclosure referred to the note as “annexed hereto” and the Trial Judge obviously examined the note with the authentic act of mortgage before ordering executory process. When the record was prepared for appeal, the note was detached from the pleadings and forwarded as an exhibit to this Court where it was placed in the court safe. After oral argument, we examined the note and found that it was paraphed for identification with the authentic act of mortgage. The record in this Court is therefore complete, and for appeal purposes, the note is considered as part of the record in this case.
Ford and Ely next contend that Anzalone cannot avail herself of executory proceedings because they did not confess judgment in the note. We disagree since both confessed judgment in the mortgage.
The pertinent articles of the Louisiana Code of Civil Procedure are set out below. Art. 2631. Use of executory proceedings
Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law.
Art. 2635. Authentic evidence submitted with petition
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
[[Image here]]
Thus, although the authentic act of mortgage must contain a confession of judgment, Article 2635 does not require that the note also contain a confession of judgment, and we do not believe this requirement can be inferred. Moreover, Article 2636 provides a note is deemed authentic evidence *339 when paraphed for identification with the authentic act of mortgage, without requiring that it also contain a confession of judgment.
Consequently, we hold that it is not necessary in an executory proceeding that the note contain a confession of judgment.
Finally, Ford and Ely contend the Trial Judge erred when he found that they had defaulted by failing to pay monthly installments due under the note. The record shows conflicting evidence of payments and receipts. Ford and Ely allege payments for which there are no receipts; Mrs. Anzalone denies receipt of those payments. Nonetheless, Ford and Ely rely mainly on their allegations that Mrs. Anza-lone’s eratic behavior prevented compliance with the terms of the note, making prompt payments impossible.
The Trial Judge obviously believed compliance was possible under the circumstances and held that Ford and Ely defaulted. This is a finding of fact that will not be reversed unless the record shows that it is manifestly erroneous. The record does not show that it is. Rather, the record shows some payments were not made while others were not timely.
Moreover, the mortgage provides for payments on the note to be made at the St. Bernard Bank & Trust Co. Mr. Ford, or his counsel, could have unquestionably fulfilled the terms of the note and mortgage by making payments there, eliminating all question of compliance.
AFFIRMED.